FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 01, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LONNIE M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:20-CV-03039-JTR <br><br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 17. Attorney D. James Tree represents Lonnie M. (Plaintiff); Special Assistant United States Attorney Franco Becia represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

///

///

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on March 26, 2014, alleging disability beginning June 1, 2012 due to Hepatitis B and C, asthma, bipolar disorder, COPD, chronic migraines, and foot infection. Tr. 64. The application was denied initially and upon reconsideration. Tr. 91-99, 107-15. Administrative Law Judge (ALJ) Virginia Robinson held a hearing on May 18, 2016, Tr. 34-65, and issued an unfavorable decision on December 21, 2016, Tr. 19-27. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on January 27, 2018. Tr. 1-5. Plaintiff filed a civil action in this court on March 29, 2018. Tr. 506-08. On October 29, 2018, the Court granted the parties' stipulated motion to remand for further proceedings. Tr. 518-19.

ALJ Robinson held a remand hearing on November 5, 2019, Tr. 446-82, and issued a partially favorable decision on January 14, 2020, finding Plaintiff was not disabled prior to January 8, 2019, but became disabled on that date when he changed age categories. Tr. 388-404. The Appeals Council did not review the claim and the ALJ's January 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Tr. 383-85. Plaintiff filed this action for judicial review on March 31, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1969 and was 45 years old when he filed his claim. Tr. 64. He had a difficult childhood, with both of his parents experiencing mental illness and Plaintiff being subjected to physical and emotional abuse. Tr. 291, 296, 428, 683. He completed the 8th grade and did not obtain his GED. Tr. 297, 427. Plaintiff has a minimal work history, having worked primarily short-term jobs doing siding work. Tr. 172, 185, 437. He struggled with substance addiction most of his life until December 2017. Tr. 433-35, 465, 956-58.

///

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant

from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On January 14, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act prior to January 8, 2019, but that he became disabled on that date.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 391.

At step two, the ALJ determined Plaintiff had the following severe impairments: COPD, affective disorder (major depressive disorder vs. bipolar disorder), anxiety related disorder, and substance use disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 392-94.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found that prior to March 23, 2018, he could perform light exertional work with some exceptions:

> The claimant could occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds, and needed to avoid concentrated exposure to extreme cold, extreme heat, excessive vibration, and workplace hazards such as working with dangerous machinery and working at unprotected heights. He needed to avoid even moderate exposure to pulmonary irritants such as fumes, odors, dust, and gases. The claimant could perform simple routine tasks, in a routine work

> environment with simple work related decisions, and could have only superficial interaction with coworkers and occasional, superficial interaction with the public. In the workplace the claimant required a break area where during his normal break periods he could leave his work area and elevate his legs.

Tr. 394-95. The ALJ further found that beginning on March 23, 2018, Plaintiff was limited to performing sedentary work, based on an opinion provided by treating doctor, Caryn Jackson, which limited Plaintiff to performing sedentary work due to his marked impairments from COPD and various other conditions. Tr. 401, 670-71.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 402.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of cleaner housekeeping, small products assembler, marker II, hand packager, and surveillance system monitor. Tr. 402-03.

On January 8, 2019, Plaintiff's age category changed, and the ALJ found him to be disabled under the Medical Vocational Guidelines. Tr. 403.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the application date through January 8, 2019, and that he subsequently became disabled on that date. Tr. 404.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's symptom testimony; (2) improperly evaluating the medical opinion evidence from ARNP Wheeler; and (3) improperly evaluating Listing 3.02.

# DISCUSSION

**1.    Plaintiff's symptom statements**

Plaintiff alleges the ALJ erred in rejecting his symptom testimony without providing adequate reasons. ECF No. 16 at 7-14.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not fully supported. Tr. 395. Specifically, the ALJ found Plaintiff's subjective complaints to be undermined by inconsistent statements from his treating providers, the minimal and mild findings on examination for both his physical and mental conditions, the relief he received from treatments, and his inconsistent statements regarding his use of drugs. Tr. 395-98.

Plaintiff argues the ALJ selectively cited the record, omitting evidence that was supportive of Plaintiff's allegations, and argues that the objective exam findings were less severe due to Plaintiff not working and remaining reclined for most of his days. ECF No. 16 at 8-9. He further argues the evidence of improvement in the record did not mean that his condition did not continue to impair his abilities. *Id.* at 10-11. Finally, he argues his disability claim is not based primarily on pain, and the ALJ therefore erred in discrediting him based on him not presenting in pain or distress at his appointments. *Id.* at 12. Defendant argues the ALJ's findings are supported by substantial evidence and Plaintiff's alternative

1 | interpretation of the evidence does not render the ALJ's interpretation invalid. ECF
2 | No. 17 at 6-15.
3 |       The Court finds the ALJ offered clear and convincing reasons for
4 | discounting Plaintiff's subjective complaints. Plaintiff testified the swelling of his
5 | feet was a significant barrier to working. Tr. 423-24, 457-58. However, the ALJ
6 | noted Plaintiff's treating provider, ARNP Wheeler, did not mention any concerns
7 | with edema, and the exam findings throughout the record only occasionally noted
8 | any issues with swelling. Tr. 396. These conclusions are supported by substantial
9 | evidence. Tr. 704. Plaintiff reported no problems with swelling for the year and a
10 | half prior to his hearing. Tr. 835-39 (April 2018, last chronological report of
11 | swelling in legs); 734, 746, 1276, 1280, 1287, 1294 (subsequent exams showing no
12 | edema). An ALJ may cite inconsistencies between a claimant's testimony and the
13 | objective medical evidence in discounting the claimant's symptom statements.
14 | *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).
15 | Similarly, the ALJ reasonably interpreted the mental health records as
16 | demonstrating minimal psychiatric observations, inconsistent with Plaintiff's
17 | allegations of disabling mental health symptoms. Tr. 397-98.
18 |       In evaluating a claimant's subjective complaints, an ALJ may consider the
19 | medications and other treatments an individual receives, along with their
20 | effectiveness. Social Security Ruling 16-3p. The ALJ reasonably concluded that
21 | Plaintiff's breathing issues were largely controlled by his medications, outside of
22 | some acute flares. Tr. 396-97; *see* 273, 680, 741, 750, 1008, 1199, 1209, 1237,
23 | 1280, 1292, 1304.
24 |       The ALJ also reasonably found Plaintiff made inconsistent statements about
25 | his past substance use history, a factor that an ALJ may properly consider in
26 | assessing the reliability of a claimant's subjective complaints. *Verduzco v. Apfel*,
27 | 188 F.3d 1087, 1090 (9th Cir. 1999) (conflicting or inconsistent testimony
28 | concerning alcohol or drug use can contribute to an adverse credibility finding).

While Plaintiff offers an alternative interpretation of the record, the Court finds the ALJ's interpretation is reasonable and supported by substantial evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) ("If the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the Commissioner.").

**2.    ARNP Wheeler**

Plaintiff argues the ALJ improperly weighed the opinion from treating ARNP Marybeth Wheeler. ECF No. 16 at 14-16.

An ALJ may discount the opinion of a non-acceptable medical source, such as a nurse practitioner, if they provide "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

In August 2019, Plaintiff's treating provider, Marybeth Wheeler, ARNP, completed a medical source statement. Tr. 704-06. She noted Plaintiff's conditions included COPD, hyperlipidemia, asthma, depression, and PTSD. Tr. 704. She opined he was capable of light work and would be likely to miss four or more days of work per month due to exacerbations of his respiratory state, and that full-time work would cause his pulmonary function to deteriorate. Tr. 705. She opined the limitations had existed since June 2012. Tr. 706.

The ALJ gave this opinion some weight. Tr. 401-02. She found that by this point in time Plaintiff was limited to sedentary work, based on physical exam findings and the opinion from Dr. Jackson. *Id.* She further reasoned that it appeared Ms. Wheeler relied on Plaintiff's subjective reports, as the treatment record did not support the frequency of respiratory exacerbations that Ms. Wheeler alluded to, and Ms. Wheeler did not have treatment records to support her opinion that Plaintiff's impairments had existed at that level since 2012. *Id.* Finally, the ALJ found the form did not provide any basis for concluding work would cause Plaintiff's condition to deteriorate. *Id.*

///

Plaintiff argues the ALJ had no basis for finding Ms. Wheeler unduly relied on Plaintiff's reports, as Ms. Wheeler noted Plaintiff's diagnoses, symptoms, and treatment course, all of which would have contributed to her opinion. ECF No. 16 at 15.  He further argues the ALJ did not have the medical expertise to claim that the avoidance of pulmonary irritants and limitation to sedentary work would be sufficient to avoid pulmonary stress. *Id.* at 16. Defendant argues the ALJ's rationale was germane and supported by substantial evidence. ECF No. 17 at 15-18.

The Court finds the ALJ offered germane reasons for discounting Ms. Wheeler's opinion. The ALJ's finding that the record did not reflect exacerbations of Plaintiff's breathing problem at the rate Ms. Wheeler noted is supported by substantial evidence. Inconsistency with the medical evidence is a germane reason for rejecting such evidence.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th 2005). The ALJ also reasonably noted Ms. Wheeler's brief treatment record and lack of basis for relating her limitations back to 2012 when Plaintiff had only been treated at the clinic since 2017. Finally, an ALJ may reasonably consider the amount of explanation and supportive evidence provided by a source in evaluating the weight to be assigned. 20 C.F.R. §§ 416.927(c)(3), 416.927(f)(1). The ALJ found Ms. Wheeler's opinion lacked a basis for concluding work would cause Plaintiff's pulmonary function to deteriorate. This finding is reasonable based on the form completed. Tr. 704-06.

**3.     Listing 3.02**

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180

F.3d 1094, 1099 (9th Cir. 1999). If a condition meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

Listing 3.02 addresses chronic respiratory disorders due to any cause, other than cystic fibrosis, with a showing of spirometry $FEV_1$ less than or equal to a particular value based on the claimant's age, gender, and height. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 3.02(a) (Listing 3.02).[1] For an adult male 73 inches tall, such as Plaintiff, the listing-level $FEV_1$ is 1.90. Listing 3.02(a). The Listing further explains that spirometry testing must be done when the claimant is medically stable, and if the reading is less than 70 percent of the predicted normal value, repeat testing must be done after inhalation of a bronchodilator. Listing 3.00E.

The ALJ found only two listing-level $FEV_1$ readings in the record were made after the use of a bronchodilator, and neither was taken during a period of stability as required by the listing. Tr. 393.

Plaintiff contends his breathing problems satisfy the requirements of Listing 3.02(a) based on his $FEV_1$ readings in June and July 2017. ECF No. 16 at 17. He argues these test results are consistent with the many findings throughout the record of severe chronic pulmonary insufficiency. *Id.* Defendant argues the ALJ's findings were correct and Plaintiff did not meet his burden of demonstrating the Listing was met. ECF No. 17 at 18-19.

The Court finds the ALJ did not err. Plaintiff did not address the ALJ's finding that the two listing-level $FEV_1$ findings were made during or soon after an acute exacerbation and therefore not during a period of stability. The record reflects the June and July 2017 readings were from a period of time when Plaintiff

---

[1] Listing 3.02 also has parts (b), (c), and (d). Plaintiff advanced no argument that his condition satisfies any of those sections of the listing. Therefore, only part (a) shall be addressed.

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

ran out of his inhalers and had changes in his medications due to insurance. Tr. 1208-10, 1308-17. By August and September, Plaintiff was showing significant improvement. Tr. 1300-06. The ALJ's conclusion that the listing-level $FEV_1$ measures did not occur during a period of stability is supported by substantial evidence. Therefore, the ALJ did not err in concluding the requirements of Listing 3.02(a) were not met.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED February 1, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE